**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **MARCUS AUSTIN** | § | **CIVIL ACTION NO. 3:14-cv-00350** |
| **Individually and on Behalf of All Others** | § | |
| **Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | |
| | § | **COLLECTIVE ACTION** |
| **ONWARD, LLC,** | § | |
| **MARITIME SANITATION, INC., and** | § | |
| **AUTREY P. MCVICKER, II,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | **JURY TRIAL DEMANDED** |

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**
**UNDER THE FAIR LABOR STANDARDS ACT**

**NATURE OF THE ACTION**

1.      Plaintiff brings this civil action pursuant to thje Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") on behalf of himself and on

behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)),

an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and

costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2.      Defendants began violating the FLSA <u>in or before November 2011</u> by not paying their

formerly misclassified independent contractor "consultants" for any of the overtime hours

they worked while working on offshore drilling rigs in the Gulf of Mexico.

3.      Defendants further violated the FLSA beginning <u>in or about January 2012</u> by reclassifying

as employees their formerly misclassified independent contractor consultants, but

continuing to not compensate these "consultant," "Coaching Consultant," "Rig

Representative" and/or "Regulatory Compliance Officer" employees for any of the overtime hours they worked while working on offshore drilling rigs in the Gulf of Mexico.

4. Defendants further violated the FLSA beginning <u>in or about January 2012</u> by failing entirely to compensate these "consultant," "Coaching Consultant," "Rig Representative" and/or "Regulatory Compliance Officer" employees for the first and last day of work during each offshore drilling rig assignment.

5. Plaintiff, as a putative collective/class representative, seeks certification of this suit as a collective action on behalf of all current and former misclassified rig consultants of Defendants described, referenced and identified below, who worked for Defendants performing work on offshore drilling rigs in the Gulf of Mexico in the period <u>before Defendants reclassified</u> them correctly as "employees" but otherwise were previously wrongly described by their employers as "independent contractors" or "consultants," (collectively referred to as the "Similarly Situated Misclassified Contractors").

6. Plaintiff, as a putative collective/class representative, further seeks certification of this suit as a collective action on behalf of all current and former consultant, Coaching consultant, Rig Representative and/or Regulatory Compliance Officer employees of Defendants performing services on offshore drilling rigs in the Gulf of Mexico who were not compensated for any of the overtime hours worked while on offshore drilling rigs and for days worked at the beginning and end of a rig cycle for which they received no compensation (collectively referred to as "Similarly Situated Employees").

## **THE PARTIES**

7. **Plaintiff Marcus Austin** ("Plaintiff Austin" or "Austin") is a resident of 826 Martin Street, Hitchcock, Texas 77563.  Plaintiff Austin was hired by Defendants as a misclassified

independent contractor performing consultant and regulatory compliance services for Defendants' customers in the Gulf of Mexico.  He was so employed from on or about August 11, 2011 until December 31, 2011, when, as further alleged below, Defendants reclassified him as an employee.  Plaintiff Austin's title was "Rig Representative."

8.      **Defendant Onward, LLC** ("Onward"), is a Texas Limited Liability Company, which, among other things, provides consultant services for the Oil and Gas Industry and further maintains a presence and corporate address in Kemah, Galveston County, Texas 77565. Defendant Onward may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being Autrey P. McVicker, II, at 1500 Marina Bay Drive, Building 126A, Kemah, Texas 77565, or wherever else he may be found.

9.      **Defendant Maritime Sanitation, Inc.** ("Maritime Sanitation"), is a Texas corporation, which, among other things, provides sewage waste management services to the boating community and maritime industry, and further maintains a presence and corporate address in Kemah, Galveston County, Texas 77565.  Defendant Maritime Sanitation may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being Autrey P. McVicker, II, at 66 Harbor Lane, Kemah, Texas 77565, or wherever else he may be found.

10.     Defendants Onward and Maritime Sanitation are collectively referred to herein as the "Onward Companies."

11.     **Defendant Autrey P. McVicker, II** ("McVicker") is an individual and a President, Director and Member of the Onward Companies. Mr. McVicker may be served with process by delivering a copy of the Summons and Complaint to him at his office located at 2506 Anders Lane, Kemah, Texas 77565, or wherever else he may be found.

12.     Defendants Onward, and Maritime Sanitation (collectively the "Onward Companies") and Defendant McVicker are an integrated enterprise and are collectively herein referred to as the "Onward Defendants."

## JURISDICTION AND VENUE

13.     Jurisdiction is proper in this court pursuant to 28 U.S.C. §1131 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

14.     The Onward Defendants are located in Kemah, Galveston County, Texas.  Therefore, this action is within the jurisdiction of the United States District Court for the Southern District of Texas and venue is proper in the Southern District of Texas, Galveston Division.

15.     The Onward Defendants were employers of Plaintiff and all other Similarly Situated Misclassified Contractors and Similarly Situated Employees within the meaning of the FLSA.

## INDIVIDUAL LIABILITY

16.     At all relevant times, McVicker acted directly in the interest of the Onward Companies in relation to its misclassified independent contractors and/or improperly paid employees. Thus, he was and is an employer of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)), and is jointly, severally, and individually liable along with the Onward Companies.

17.     Upon information and belief, McVicker exercised operational control of the Onward Companies by, among other things, controlling the companies' finances and payroll and by negotiating contracts with Defendants' customers.

18.     Upon information and belief, McVicker is the ultimate decision maker with respect to the classification and pay rates that Plaintiff and all others similarly situated were paid.

## ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

19.     At all relevant times, the Onward Companies have engaged in related activities performed through unified operation or common control for a common business purpose; have employees engaged in interstate commerce or in the production of goods or services for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and have an annual gross volume of sales made or business done of not less than $500,000.  The Onward Companies, therefore, constitute an enterprise engaged in interstate commerce or in the production of goods or services for interstate commerce within the meaning of the FLSA (29 U.S.C. §203(r) & (s)).

20.     In addition, in connection with his employment with the Onward Defendants, Plaintiff and all others similarly situated, engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## THE ONWARD COMPANIES INTEGRATED
## ENTERPRISE/JOINT EMPLOYER FACTS

21.     The Onward Companies are an integrated enterprise and joint employers of Plaintiff, and other Similarly Situated Misclassified Contractors and other Similarly Situated Employees.

22.     The Onward Companies are owned and managed by Defendant McVicker (President and Director of Maritime Sanitation; Member and Director of Onward).

23.     The Onward Companies are both managed by Sterling Walker, who acts as the General Manager for Maritime Sanitation and the Vice President for Onward.  *See* Exhibits 1 & 2, which are incorporated by reference.

24.  The Onward Companies are advertised as one entity on LinkedIn, even though "The Onward Companies" is not an entity registered with the Texas Secretary of State.  *See* Exhibit 3, which is incorporated by reference.

25.  McVicker's e-mail signature block states he is the President of "The Onward Companies," although this is not an entity registered with the Texas Secretary of State.  *See*  Exhibits 4 & 5, which are incorporated by reference.

26.  Scotty Warren identifies himself as the "Vice President" of "The Onward Companies" in his e-mail signature block and his LinkedIn Profile, although this is not an entity registered with the Texas Secretary of State.  *See* Exhibits 6 & 7, which are incorporated by reference.

27.  Further, in a February 19, 2014 e-mail from Scotty Warren regarding "Company wide announcements," Onward and Maritime Sanitation are clearly referred to as if they are one entity.  *See* Exhibit 6.

28.  Further the Onward Companies use the same Microsoft Office e-mail system for both companies.  *See* Exhibit 6.

29.  Both Onward and Maritime Sanitation occupy the same corporate office.

30.  Upon information and belief, Onward and Maritime Sanitation share the same 401(k) plan.

31.  Upon information and belief, Onward and Maritime Sanitation use the same employees to facilitate payroll and other financial services.

32.  Plaintiff was paid by Onward throughout his employment with Defendants, even when Plaintiff was performing services for Maritime Sanitation. *See* Exhibit 8, which is incorporated by reference.

33.  Upon information and belief, Onward and Maritime Sanitation use the same QuickBooks account to manage accounting within each entity.

## BACKGROUND AND STATEMENT OF CLAIMS:
## <u>COLLECTIVE ACTION</u>

34.     Defendants have hired approximately twenty five (25) employees as Rig Representatives in Kemah, Texas since August 2011 to perform consulting work on offshore drilling rigs in the Gulf of Mexico.

**A.**     **<u>Misclassified As Independent Contractors For About Four Months</u>.**

35.      Defendants employed Plaintiff and other Similarly Situated Misclassified Contractors as "independent contractors" from approximately August 1, 2011 to December 31, 2011.

36.     Defendants did not have any written Independent Contractor Agreements with Plaintiff or any other Similarly Situated Misclassified Contractors.

37.     Defendants hired, trained, directed and supervised the daily work of Plaintiff and the other Similarly Situated Misclassified Contractors working on offshore drilling rigs in the Gulf of Mexico for Defendants' customers.

38.     Plaintiff and the other Similarly Situated Misclassified Contractors were required by Defendants to comply with instructions about when, where and how their work was to be done.

39.     Defendants required Plaintiff and other Similarly Situated Misclassified Contractors to attend an onshore training course to enable them to perform their job in a particular method and manner.

40.     The services provided by Plaintiff and the other Similarly Situated Misclassified Contractors were integrated into Defendants' business operations.

41.     All services Plaintiff and the other Similarly Situated Misclassified Contractors provided for Defendants were required by Defendants to be performed by them personally.

42.     Plaintiff and the other Similarly Situated Misclassified Contractors did not have the capability or authority to hire, supervise, or pay assistants to help them perform the services that they were being paid to perform.

43.     The relationship between Defendants and Plaintiff, and the other Similarly Situated Misclassified Contractors, was a continuing relationship.

44.     Defendants set all days and hours of work for Plaintiff and the Similarly Situated Misclassified Contractors, and required that such work be performed at Defendants' customer's place of business, namely, offshore drilling rigs in the Gulf of Mexico, only.

45.     Plaintiff and the other Similarly Situated Misclassified Contractors were prohibited from setting their own offshore work schedule.

46.     Plaintiff and the other Similarly Situated Misclassified Contractors were required by Defendants to devote their full time to their job at Defendants' customer's offshore drilling rigs and were prohibited from performing any other work.

47.     Defendants required Plaintiff and the other Similarly Situated Misclassified Contractors to provide daily reports of their activity and performance.

48.     Defendants created and provided to Plaintiff and the other Similarly Situated Misclassified Contractors an "Invoice" to complete for any work performed. *See* Exhibit 9, which is incorporated by reference.

49.     Plaintiff and the other Similarly Situated Misclassified Contractors had no opportunity to realize either a profit or a loss, other than their non-guaranteed wages.

50.     Defendants prohibited Plaintiff and the other Similarly Situated Misclassified Contractors from working for other vendors at the same time.

51.     Plaintiff and the other Similarly Situated Misclassified Contractors did not make their services available to the general public.

52.     Plaintiff and the other Similarly Situated Misclassified Contractors were subject to termination for reasons other than nonperformance of contract specifications.

53.     Plaintiff and the other Similarly Situated Misclassified Contractors were able to terminate their relationship with Defendants without incurring liability for failure to complete a job.

54.     Plaintiff and the other Similarly Situated Misclassified Contractors were, therefore, employees of Defendants, and not independent contractors.

**B.**     **Improperly Paid An Invalid Day Wage As A Misclassified Contractor.**

55.     For work as misclassified "contractors," Plaintiff and the other Similarly Situated Misclassified Contractors were paid a non-guaranteed (and invalid) day rate wage, with no additional compensation for overtime on hours worked in excess of forty (40) hours in a workweek.  *See* Exhibit 9.

56.     Plaintiff and the other Similarly Situated Misclassified Contractors were required to work specific and set hours while working on Defendants' customer's offshore drilling rigs in the Gulf of Mexico, which significantly exceeded forty (40) hours per workweek.

57.     Because Plaintiff and the other Similarly Situated Misclassified Contractors had no night shift relief, they were on-call while working on Defendants' customer's offshore drilling rigs in the Gulf of Mexico during all remaining hours in each day that they were not assigned to work.

58.     Defendants did not keep records of the hours Plaintiff and the other Similarly Situated Misclassified Contractors worked.

59.   Defendants made no payroll tax or other withholdings from the wages paid to the Plaintiff, or other Similarly Situated Misclassified Contractors, and reported their income to the IRS by Form 1099.

60.   Defendants made no guaranteed minimum pay per week, such that Plaintiff and the other Similarly Situated Misclassified Contractors were paid only when they worked, with no minimum workweek being guaranteed.

61.   Further, Plaintiff and the Similarly Situated Misclassified Contractors were not paid any wages for the first day or last day of any offshore rig assignment, entitling Plaintiff and the Similarly Situated Misclassified Contractors to both their straight time pay and any overtime pay for both the first and last days of each offshore rig assignment.

62.   Plaintiff and the other Similarly Situated Misclassified Contractors were not guaranteed any specific number of paid hours in any workweek and they were not paid on a salary basis.

63.   Defendants paid Plaintiff and the other Similarly Situated Misclassified Contractors on a non-guaranteed (and invalid) daily rate of pay, and overtime would be due at a rate of one and one-half the regular rate of pay for any overtime hours worked in excess of forty (40) hours in a workweek.

64.   Notwithstanding the fact that Plaintiff and the other Similarly Situated Misclassified Contractors were paid under an invalid day rate system that did not meet the salary basis standard, Defendants never paid Plaintiff and any other Similarly Situated Misclassified Contractors any overtime premiums.

65.   Defendants knew they were required by the FLSA to pay an additional one and one-half premium rate for the overtime work of Plaintiff and the Similarly Situated Misclassified Contractors.

66.   Defendants willfully failed to pay the Plaintiff and the other Similarly Situated Misclassified Contractors any overtime.

67.   The failure to pay any wages for the first and last day of each offshore rig shift was a violations of the FLSA, including § 206(a) and 15(a)(2).

68.   The failure to pay overtime was a violation of the FLSA, including §§ 207(a) and 15(a)(2).

**C.**   **Re-Classified As Employees.**

69.   On or about January 1, 2012, Defendants re-classified Plaintiff and the other Similarly Situated Misclassified Contractors as W-2 employees.   On information and belief, this change was made because of a potential investigation or proceeding by the IRS.

70.   Plaintiff and the other Similarly Situated Employees did not execute any new agreements with Defendants upon their re-classification, however Plaintiff and the other Similarly Situated Employees continued to perform the same work for Defendants as they had during their time as misclassified contractors.

71.   Plaintiff and other Similarly Situated Employees continued to be paid on a non-guarantee (and invalid) daily rate of pay.

72.   Onward's Website (www.crewonward.com) specifically states that prospective employees will be paid "Competitive Day Rates."   *See* Exhibit 10, which is incorporated by reference,.

73.   Further, Plaintiff and other Similarly Situated Employees performed quarterly on-shore training seminars for Defendants' customers.

74.    For these on-shore training seminars, Plaintiff and other Similarly Situated Employees were paid only half of their regular day rate.  *See* Exhibit 11, which is incorporated by reference.

**D.    Improperly Paid An Invalid Day Wage From January 1, 2012 On.**

75.    For their work as employees, Plaintiff and the other Similarly Situated Employees were paid a non-guaranteed (and invalid) day rate wage, with no additional compensation for overtime on hours worked in excess of forty (40) hours in a workweek. *See* Exhibit 12, which is incorporated by reference.

76.    Plaintiff and the other Similarly Situated Employees were required to work specific and set hours while working on Defendants' customer's offshore drilling rigs in the Gulf of Mexico, which significantly exceeded forty (40) hours per workweek.

77.    Because Plaintiff and the other Similarly Situated Employees had no night shift relief, they were on-call while working on Defendants' customer's offshore drilling rigs in the Gulf of Mexico during all remaining hours in each day that they were not assigned to work.

78.    Defendants did not keep records of the hours Plaintiff and the other Similarly Situated Employees worked.

79.    Defendants made no guaranteed minimum pay per week, such that Plaintiff and the other Similarly Situated Employees were paid only when they worked, with no minimum workweek being guaranteed.

80.    Further, Plaintiff and the Similarly Situated Employees were not paid any wages for the first day or last day of any offshore rig assignment, entitling Plaintiff and the Similarly Situated Employees to both their straight time pay and any overtime pay for both the first and last days of each offshore rig assignment.

81.     Plaintiff and the other Similarly Situated Employees were not guaranteed any specific number of paid hours in any workweek and they were not paid on a salary basis.

82.     Defendants paid Plaintiff and the other Similarly Situated Employees on a non-guaranteed (and invalid) daily rate of pay, and overtime would be due at a rate of one and one-half the regular rate of pay for any overtime hours worked in excess of forty (40) hours in a workweek.

83.     Notwithstanding the fact that Plaintiff and the other Similarly Situated Employees were paid under an invalid day rate system that did not meet the salary basis standard, Defendants never paid Plaintiff and any other Similarly Situated Employees any overtime premiums.

84.     Defendants knew they were required by the FLSA to pay an additional one and one-half premium rate for the overtime work of Plaintiff and the Similarly Situated Employees.

85.     Defendants willfully failed to pay the Plaintiff and the other Similarly Situated Employees any overtime.

86.     The failure to pay any wages for the first and last day of each offshore rig shift was a violation of the FLSA, including §§ 206(a) and 15(a)(2).

87.     The failure to pay overtime was a violation of the FLSA, including §§ 207(a) and 15(a)(2).

**BACKGROUND AND STATEMENT OF CLAIMS:**
**PLAINTIFF MARCUS' INDIVIDUAL FLSA CLAIM**

88.     In or about October 2013, Plaintiff was reassigned to work in Defendants' warehouse performing clerking duties, including, but not limited to, filling purchase orders, stocking supplies, pulling orders for shipment, and delivery of orders.

89.     For this work, Plaintiff was paid a day rate and then on a salary basis, with no additional compensation for overtime on hours worked in excess of forty (40) hours in a workweek. *See* Exhibit 8, which is incorporated by reference.

90.     Plaintiff was required to work specific and set hours while working in Defendants' warehouse, which exceeded forty (40) hours per workweek.

91.     Plaintiff did not supervise two or more workers on a regular basis in this warehouse position.

92.     Plaintiff's primary duty in the warehouse was production work, not administrative work and the production work was absent from any independent judgment and discretion.

93.     Plaintiff was non-exempt within the meaning of the FLSA.

94.     Plaintiff consistently worked more than forty (40) hours in most workweeks since October 2013.

95.     Plaintiff has not been paid for overtime at time-and-one-half the regular rate of pay for hours worked in the warehouse position in excess of forty (40) hours in most workweeks since October 2013.

96.     Plaintiff is entitled to payment of overtime premiums for overtime work performed in the warehouse since October 2013.

97.     The failure to pay overtime was a violation of the FLSA, including §§ 207(a) and 15(a)(2).

## MISCLASSIFIED INDEPENDENT CONTRACTOR
## CLASS/COLLECTIVE ACTION ALLEGATIONS

98.     Plaintiff hereby adopts and incorporates by reference all of the foregoing paragraphs, allegations and Exhibits, as if set forth herein again.

99.     There is a collective/class of in excess of 25 other misclassified consultants who have performed work similar to Plaintiff since at least November 3, 2011.

100.    Plaintiff and the Similarly Situated Misclassified Contractors were paid under an invalid non-guaranteed day rate system, without any compensation for overtime worked, thus requiring overtime due at a rate of an additional one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in each workweek.

101.    Plaintiff and the Similarly Situated Misclassified Contractors were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

102.    Plaintiff and the Similarly Situated Misclassified Contractors have consistently worked more than forty (40) hours in most workweeks since at least November 3, 2011.

103.    Plaintiff and the Similarly Situated Misclassified Contractors have not been paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in most workweeks since at least November 3, 2011.

104.    Plaintiff and the Similarly Situated Misclassified Contractors are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for the time period of approximately November 2011 to December 31, 2011.

105.    Plaintiff and the Similarly Situated Misclassified Contractors of Defendants on whose behalf this lawsuit is brought include all present and former misclassified independent contractors of Defendants who have held the positions of "consultant," "Coaching Consultant," "Rig Representative," and/or "Regulatory Compliance Officer," or who have performed duties similar to the duties performed by Plaintiff for Onward on offshore drilling rigs in the Gulf of Mexico.  These individuals have been subject to the same policies and practices as Plaintiff regarding non-payment of overtime wages at an additional one and one-half times their regular rate of pay.

106.     Defendants have violated 29 U.S.C. §206 of the FLSA by failing to pay Plaintiff, and the other Similarly Situated Misclassified Contractors, any compensation required by the FLSA for work performed at the beginning and end of each offshore rig shift.

107.     Defendants have violated 29 U.S.C. §207 of the FLSA by failing to pay Plaintiff, and the other Similarly Situated Misclassified Contractors, overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

108.     Defendants' violations have been willful.

109.     There are questions of law and fact common to the class/collective.

110.     The claims or defenses of the representative, Plaintiff Austin, are typical of the claims or defenses of the class/collective.

111.     The representative, Plaintiff Austin, will fairly and adequately protect the interests of the collective/class.

112.     Counsel for Plaintiff, Starzyk & Associates, P.C., has conducted significant investigation as to potential claims and parties in this case.

113.     Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

114.     There are no conflicts of interest among the class/collective members.

115.     Counsel for Plaintiff, Starzyk & Associates, P.C., is knowledgeable and experienced in the field of employment law (specifically including overtime claims under the FLSA), class/collective actions and complex litigation, and can and will fairly and competently represent the interests of all class members.

116. Counsel for Plaintiff has and will commit the human and financial resources necessary to represent the class/collective.

117. Plaintiff's written Consent to this action is attached as Exhibit 13 and incorporated by this reference.

## EMPLOYEE UNPAID OVERTIME
## CLASS/COLLECTIVE ACTION ALLEGATIONS

118. Plaintiff hereby adopts and incorporates by reference all of the foregoing paragraphs, allegations and Exhibits, as if set forth herein again.

119. There is a collective/class of in excess of 25 other improperly paid employees who have performed work similar to Plaintiff since at least January 1, 2012.

120. Plaintiff and the Similarly Situated Employees were paid under an invalid non-guaranteed day rate system, without any compensation for overtime worked, thus requiring overtime due at a rate of an additional one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in each workweek.

121. Plaintiff and the Similarly Situated Employees were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

122. Plaintiff and the Similarly Situated Employees have consistently worked more than forty (40) hours in most workweeks since at least January 1, 2012.

123. Plaintiff and the Similarly Situated Employees have not been paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in most workweeks since at least January 1, 2012.

124. Plaintiff and the Similarly Situated Employees are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for the time period of approximately January 1, 2012 to the present.

125.     Plaintiff and the Similarly Situated Employees of Defendants on whose behalf this lawsuit is brought include all present and former employees of Defendants who have held the positions of "consultant," "Coaching   Consultant,: "Rig Representative," and/or "Regulatory Compliance Officer," or who have performed duties similar to the duties performed by Plaintiff for Onward on offshore drilling rigs in the Gulf of Mexico.  These individuals have been subject to the same policies and practices as Plaintiff regarding non-payment of overtime wages at an additional one and one-half times their regular rate of pay.

126.     Defendants have violated 29 U.S.C. §206 of the FLSA by failing to pay Plaintiff, and the other Similarly Situated Misclassified Contractors, any compensation required by the FLSA for work performed at the beginning and end of each offshore rig shift.

127.     Defendants have violated 29 U.S.C. §207 of the FLSA by failing to pay Plaintiff, and the other Similarly Situated Employees, overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

128.     Defendants' violations have been willful.

129.     There are questions of law and fact common to the class/collective.

130.     The claims or defenses of the representative, Plaintiff Austin, are typical of the claims or defenses of the class/collective.

131.     The representative, Plaintiff Austin, will fairly and adequately protect the interests of the collective/class.

132.     Counsel for Plaintiff, Starzyk & Associates, P.C., has conducted significant investigation as to potential claims and parties in this case.

133.    Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

134.    There are no conflicts of interest among the class/collective members.

135.    Counsel for Plaintiff, Starzyk & Associates, P.C., is knowledgeable and experienced in the field of employment law (specifically including overtime claims under the FLSA), class/collective actions and complex litigation, and can and will fairly and competently represent the interests of all class members.

136.    Counsel for Plaintiff has and will commit the human and financial resources necessary to represent the class/collective.

137.    Plaintiff's written Consent to this action is attached as Exhibit 13 and incorporated by this reference.

**COUNT I:**
**MISCLASSIFIED INDEPENDENT CONTRACTOR OVERTIME**
**- FAIR LABOR STANDARDS ACT (FLSA)**
**(INDIVIDUAL AND CLASS/COLLECTIVE ACTION)**

138.    Plaintiff hereby adopts and incorporates by reference all of the foregoing paragraphs, allegations and Exhibits, as if set forth herein again.

139.    Plaintiff and the other Similarly Situated Misclassified Contractors were not paid on a salary basis.

140.    Plaintiff and the other Similarly Situated Misclassified Contractors are entitled to overtime at a rate of an additional one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

141.    Plaintiff and the other Similarly Situated Misclassified Contractors have worked in excess of forty (40) hours in most workweeks since at least November 3, 2011.

*19*

142.   Defendants have failed to pay overtime to Plaintiff and the other Similarly Situated Misclassified Contractors for hours worked in excess of forty (40) hours in many workweeks since at least November 3, 2011.

143.   Defendants' failure to pay overtime was willful, thus entitling Plaintiff and the other Similarly Situated Misclassified Contractors to a three year statute of limitations.

**COUNT II:**
**EMPLOYEE UNPAID OVERTIME WORK**
**- FAIR LABOR STANDARDS ACT (FLSA)**
**(INDIVIDUAL AND CLASS/COLLECTIVE ACTION)**

144.   Plaintiff hereby adopts and incorporates by reference all of the foregoing paragraphs, allegations and Exhibits, as if set forth herein again.

145.   Plaintiff and the other Similarly Situated Employees were not paid on a salary basis.

146.   Plaintiff and the other Similarly Situated Employees are entitled to overtime at a rate of an additional one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

147.   Plaintiff and the other Similarly Situated Employees have worked in excess of forty (40) hours in most workweeks since at least January 1, 2012.

148.   Defendants have failed to pay overtime to Plaintiff and the other Similarly Situated Employees for hours worked in excess of forty (40) hours in many workweeks since at least January 1, 2012.

149.   Defendants' failure to pay overtime was willful, thus entitling Plaintiff and the other Similarly Situated Misclassified Contractors to a three year statute of limitations.

## COUNT III:
## MISCLASSIFIED AS EXEMPT UNPAID OVERTIME
## - FAIR LABOR STANDARDS ACT (FLSA)
## (INDIVIDUAL ACTION)

150.    Plaintiff hereby adopts and incorporates by reference all of the foregoing paragraphs, allegations and Exhibits, as if set forth herein again.

151.    Plaintiff was paid a day rate and then on a salary basis, however Plaintiff does not meet any of the exemptions from overtime compensation under the FLSA for the work he performed for Defendants since at least October 2013.

152.    Plaintiff is entitled to overtime at a rate of an additional one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

153.    Plaintiff has worked in excess of forty (40) hours in most workweeks since at least October 2013.

154.    Defendants failed to pay overtime to Plaintiff for hours worked in excess of forty (40) hours in many workweeks since October 2013

155.    Defendants' failure to pay overtime was willful, thus requiring Defendants to pay interest and liquidated damages.

    **WHEREFORE**, Plaintiff Marcus Austin, through his undersigned counsel, demands a trial by jury and respectfully requests that this Court:

A.    Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former misclassified independent contractors of Defendants performing services on offshore drilling rigs in the Gulf of Mexico, regardless of what title they were initially or later given by Defendants, and that notice therefore be distributed to all putative class/collective members;

B.    Order Defendants to make Plaintiff and the other Similarly Situated Misclassified Contractors whole by paying the overtime wages due;

C.    Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former employees of Defendants performing services on offshore drilling rigs in the Gulf of Mexico, and that notice therefore be distributed to all putative class/collective members;

D.    Order Defendants to make Plaintiff and the other Similarly Situated Employees whole by paying the overtime wages due;

E.    Order Defendants to make Plaintiff whole by paying the overtime wages due for the period of time Plaintiff was misclassified as exempt;

F.    Order Defendants to pay interest and liquidated damages on all wages owed;

G.    Order Defendants to make proper payments of all Federal withholdings and taxes to the Internal Revenue Service;

H.    Order Defendants to make Plaintiff, and all others similarly situated, whole by paying monetary damages, liquidated damages, interest and other affirmative relief necessary to eradicate the effects of their illegal actions;

I.    Order Defendants to pay costs and attorneys' fees incurred by Plaintiff and the other Similarly Situated Misclassified Contractors and the other Similarly Situated Employees of Defendants; and

J.    Grant such further relief as the Court deems necessary and proper.

RESPECTFULLY SUBMITTED,

*/s/ Michael A. Starzyk.*_____
**Michael A. Starzyk**
Texas Bar No. 00788461
Federal ID No. 16926
mstarzyk@starzyklaw.com
**Stephen R. Ricks**
Texas Bar. No. 00788278
Federal ID No. 36039
sricks@starzyklaw.com
**April L. Walter**
Texas Bar No. 24052793
Federal ID No. 713287
awalter@starzyklaw.com
**Megan M. Mitchell**
Texas Bar No. 24073504
Federal ID No. 2174572
mmitchell@starzyklaw.com
**Starzyk & Associates, PC**
10200 Grogan's Mill Rd, Suite 300
The Woodlands, Texas 77380
Telephone:  (281) 364-7261
Facsimile:  (281) 364-7533

**Counsel for Marcus Austin and All
Others Similarly Situated**