Case 3:14-cv-00350 Document 40 Filed in TXSD on 12/21/15 Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
December 22, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARCUS AUSTIN, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 3:14-CV-350 |
| ONWARD, LLC, *et al*, | § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Marcus Austin's ("Austin") Motion for Certification of Collective Action and Request for Notice (Dkt. 16). Austin brings this action both individually and on behalf of all others similarly situated against Defendants Onward, LLC, Maritime Sanitation, Inc., and Autrey P. McVicker, II (collectively "Onward") asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Dkt. 10. Based on the pleadings, a hearing held on September 21, 2015, the arguments of counsel, and the applicable law, the Court **DENIES** the motion.

I. Factual and Procedural Background

Defendant Onward, LLC is a consulting firm that provides performance management consulting services to customers operating offshore oil drilling and production rigs. Defendant Maritime Sanitation, Inc. provides sewage waste management services to the boating community and maritime industry. Autrey P. McVicker, II is the President of both business entities.

1

Austin alleges two distinct FLSA violations. First, Austin alleges that before January 2012 his former employer misclassified him and others as independent contractors. Austin asserts that he, along with others held the job titles of "Consultant", "Coaching Consultant", "Rig Representative" and/or "Regulatory Compliance Officer." Austin contends that they worked on customers' offshore oil rigs and were paid an invalid "day rate", with no additional compensation for overtime hours in excess of 40 hours per week. Austin also alleges that Onward re-classified him—and others similarly situated—as employees in January 2012 but continued to violate the FLSA by paying an invalid "day rate" without any overtime hours they worked while offshore, and by failing to pay any amount for the first and last day of work.

Austin—for himself and on behalf of approximately 35 other similarly situated persons—has now moved for conditional certification of a class consisting of current and former employees of Onward who (1) were employed from February 2012 to the present; (2) worked offshore on oil drilling and production rigs, duties similar to Austin; (3) performed consulting services to Onward's customers; and (4) were not paid overtime hours. Also, Austin requests that notice be sent to the putative class members advising them of their right to opt-in to this collective action if they were also subjected to one of Onward's alleged FLSA violations. Dkt. 16.

In support of his motion, Austin submitted an affidavit that he worked on customers' offshore rigs and was paid an invalid "day rate" with no additional

compensation for overtime hours worked in excess of 40 hours. Dkt. 16-4. In his affidavit, Austin also states that he has knowledge of other employees who were similarly situated. Dkt. 16-4. The attorney for Austin, Michael A. Starzyk, also attached an affidavit discussing his expertise and his regular communications with other participants in this action. Dkt. 16-5.

In response, Onward contends that Austin failed to meet his burden to establish that a class should be conditionally certified and notice authorized because he presents no evidence that any similarly situated individual exists. Dkt. 20. Onward also contends that Austin's proposed class definition is improperly vague and overboard. Dkt. 20. These arguments are analyzed below.

II. Applicable Legal Standard

The FLSA requires covered employers to pay non-exempt employees for hours they have worked in excess of the defined maximum hours. 29 U.S.C. § 207(a). It also creates a cause of action for employees against employers who have violated the overtime compensation requirements. The FLSA permits a court to order an action to proceed as a collective action on behalf of others similarly situated. The statute provides:

> An action ... may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

3

29 U.S.C. § 216(b). Thus, unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under § 216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 Fed.Appx. 222, 225 (5th Cir.2011) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir.2008)). District courts have discretion in deciding whether and how to provide "timely, accurate, and informative" notice to prospective plaintiffs. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

FLSA collective actions "are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding 'common issues of law and fact arising from the same alleged. . . activity.' " *Yaklin v. W-H Energy Servs., Inc.*, 2008 WL 1989795, at *1 (S.D. Tex. May 2, 2008) (citing *Hoffman-La Roche*, 493 U.S. at 170). The remedial nature of the FLSA "militate[s] strongly in favor of allowing cases to proceed collectively." *Roussell*, 2008 WL 2714079, at *24. Plaintiffs must affirmatively notify the court of their intention to become parties by opting-in to the action. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir.1995). Notice to potential plaintiffs does not issue unless a court conditionally certifies the case as a collective action. *See Hoffmann–La Roche*, 493 U.S. at 170–71; *Villatoro v. Kim Son Rest., L.P.*, 286 F.Supp.2d 807, 809 (S.D.Tex.2003). The threshold issue to certifying a collective action under the FLSA is whether the plaintiff can show the existence of a class whose members are "similarly situated." *See Hoffmann–La Roche*, 493 U.S. at 173.

Courts use two methods to decide whether to authorize notice to similarly situated employees advising them of their opt-in rights: the two-step *Lusardi* approach and the Rule 23 class-action-based *Shushan* approach. *See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987); *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D.Colo.1990). Although the Fifth Circuit has declined to specifically adopt either test, both the Fifth Circuit and the Supreme Court have made statements implying that a Rule 23—type analysis is incompatible with FLSA collective actions. *See Genesis Healthcare Corp. v. Symczyk*, — U.S. —, 133 S.Ct. 1523, 1529, 185 L.Ed.2d 636 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA"); *Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206 (5th Cir.1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the F.R. Civ. P. 23 procedures"). Moreover, the majority of courts within this circuit have adopted the *Lusardi* two-stage approach. *See, e.g., Vanzzini v. Action Meat Distribs., Inc.*, 995 F.Supp.2d 703, 719 (S.D.Tex.2014) (applying *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 977 F.Supp.2d 640, 643 (W.D.Tex.2013) (same); *Tice v. AOC Senior Home Health Corp.*, 826 F.Supp.2d 990, 994 (E.D.Tex.2011) (same); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D.Tex.2011) (same).

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *Mooney*, 54 F.3d at 1216. The first *Lusardi* step is to decide whether to issue notice to potential class members. *See id.* at 1213–14. At

the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir.2010). The court's decision at this stage is often based only on the pleadings and any affidavits that have been submitted. *Id.* "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt-in. *Mooney*, 54 F.3d at 1214. However, even this lenient standard requires substantial allegations that potential members "were together the victims of a single decision, policy, or plan...." *See id.* at 1214 n.8.

Generally, a plaintiff must show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt-in to the lawsuit." *Morales v. Thang Hung Corp.*, Civil Action No. 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009); *see also Mahoney v. Farmers Ins. Exchange*, NO. 4:09-CV-2327, 2011 WL 4458513, at *3 (S.D. Tex. Sep 23, 2011) (reciting same three factors). This standard is "less stringent" than the Rule 23 class action requirements. *See Cantu v. Vitol, Inc.*, Civil Action No. H-09-0576, 2009 WL 5195918, at *3 (S.D. Tex. Dec. 21, 2009); *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov 19, 2007)

(citing cases); *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *5 (S.D. Tex. Jan 24, 2007). And, recently, many courts in this district have done away with the third requirement. *See, e.g., Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) ("Liberally construing the FLSA to effect its purposes, the court finds that it is enough for the plaintiff to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intend to join the lawsuit.").

A court may deny conditional certification and notice "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice. However, the court need not find uniformity in each and every aspect of employment to determine [that] a class of employees is similarly situated." *Albanil v. Coast 2 Coast, Inc.*, Civil Action No. H-08-486, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008) (internal quotation marks and citations omitted). If the court conditionally certifies the class during the notice stage, the action "proceeds as a representative action throughout discovery." *See Mooney*, 54 F.3d at 1214.

The second step of *Lusardi* is triggered if a defendant files a motion for decertification, after the close of discovery. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants

7

are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims." *Id.*; *Tolentino*, 716 F. Supp. 2d at 647.

"Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (*citing Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 893 (N.D. Iowa 2008) ("[W]hether at the first or second step in the § 216(b) collective action certification process, plaintiffs need not prove the merits of their claim. That is, plaintiffs do not have to show that the employer actually violated the FLSA."). This case is at the notice stage of the *Lusardi* analysis, deciding conditional certification. This stage often occurs before any discovery.

III. Analysis

Austin seeks conditional certification on behalf of a class of similarly situated persons. Accordingly, the Court need only address the first stage of the *Lusardi* inquiry. Austin seeks certification with respect to:

> "All current and former employees of Onward, LLC [] who: [w]orked offshore on oil drilling and production rigs, owned and/or operated by Onward's customers, performing consulting services to Onward's customers at any time in the period from February 2012 to the present; and [w]ere paid a daily or hourly rate of pay for their services."

Austin's request is supported only by affidavits from himself and his attorney. Austin's affidavit describes himself and others as being employed by Onward as "Coaching Consultants," "Rig Representatives," and/or "Regulatory Compliance Officers" who were classified as independent contractors, and paid a "day rate" and thus did not receive overtime compensation for hours worked in excess of 40 hours per week, even though they regularly worked more than 40 hours per week. Dkt. 16-4, Exhibit 3, ¶ 6. The attorney's affidavit only describes his expertise in the area of law and that he "regularly sends e-mail updates to all participants in this action whenever there is significant news to report or information to gather." *Id.* at Exhibit 4, ¶¶ 3-13.

Onward maintains that these declarations are insufficient to carry Austin's evidentiary burden for two reasons. First, Onward opposes the putative class on the grounds that it is overly broad in scope. Second, Onward argues that Austin failed to meet his burden to establish that a class should be conditionally certified and notice authorized because he presents no evidence that any similarly situated individual exists. Thus, Onward argues that Austin is not "similarly situated" to other employees because there are none. Dkt. 20. The Court finds these arguments persuasive.

 A. Austin does not satisfy the lenient legal standard for conditional certification of a FLSA collective action.

At this stage, the Court must determine whether Austin has satisfied his burden to demonstrate that conditional class certification is proper. In the notice stage, a

9

court will customarily make a decision "based only on the pleadings and any affidavits which have been submitted." *Mooney*, 54 F. 3d at 1213-14. To facilitate the analysis, the Court evaluates the request for conditional certification in light of the three factors discussed above. *See Mahoney*, 2011 WL 4458513 at *3; *Aguirre v. SBC Comm., Inc.*, 2006 WL 964554, at *5 (S.D. Tex. April 11, 2006). Austin does not satisfy the lenient standard for conditional certification, as demonstrated by his complaint and his affidavit submitted with the motion.

The Court finds that Austin's affidavit is not sufficient to show that a collective action should be conditionally certified and notice issued. *See Bursell v. Tommy's Seafood Steakhouse*, 2006 WL 3227334 (S.D.Tex. Nov.3, 2006) (authorizing conditional certification and notice to potential plaintiffs based on the submission of affidavits). Under *Lusardi*'s lenient standard, the relevant inquiry for the Court is whether Austin has sufficiently shown that other current and former employees of Onward "were together the victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214, n. 8.

At the "notice stage" of the *Lusardi* analysis, Austin must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit. *See Mooney*, 54 F.3d at 1213.

1. There is no reasonable basis for crediting the assertion that aggrieved individuals exist.

To satisfy this requirement, Austin "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Villarreal*, 751 F. Supp. 2d at 916-17. Austin does not meet this minimal requirement. In Austin's complaint, he states a cognizable claim for unpaid overtime under the FLSA based on Onward's misclassification of him and other individuals as independent contractors. However, in Austin's affidavit, he states "I estimate that I was one of approximately 25-35 other similarly situated Rig Representatives who worked for Defendants' customers on offshore oil drilling and production rigs during the time that I worked for Defendants." Dkt. 16-4, Exhibit 3, ¶ 7.

Austin has not identified other employees who are similar situated, and Austin's attorney has testified at the hearing on this matter that names of these individuals are privileged. However, Austin made no offer of proof of the privileged names. Austin has not conclusively made a showing of interest in the case, even under the lenient standard. In light of the complaint and Austin's declaration, the Court may easily conclude that Austin has not shown that it is reasonable to believe that there are other aggrieved persons, i.e., other "consultants" who worked overtime for Onward and were not paid overtime based on Onward's treatment of them as independent contractors. *See, e.g., Davis*, 2012 WL 163941 at *6 (relying on similar evidence to conclude this requirement was

11

satisfied); *Villarreal*, 751 F. Supp. 2d at 916-18 (relying on similar affidavits to conclude that the plaintiffs had fulfilled this requirement); *Prater*, 2007 WL 4146714, at *5 (reviewing plaintiffs' allegations in assessing first factor and conditionally certifying a class).

> 2. The Court cannot find that other aggrieved individuals are similarly situated to Austin in relevant respects given the claims and defenses asserted.

The potential class of plaintiffs are considered "similarly situated" to the named plaintiff if they are "'similarly situated' with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar. "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *McKnight*, 756 F. Supp. 2d at 801 (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005); *see also Tolentino*, 716 F. Supp. 2d at 649-50 (quoting *Yaklin*, 2008 WL 1989795, at *2 (internal citations omitted)).

In this case, Austin's brief, conclusory allegations are inadequate even for first-stage certification and notice. The affidavits from Austin and his attorney do not describe common or similar job responsibilities of the putative class members or provide any other factual sufficient basis for the Court to conclude that a collective action should be certified. As noted, most courts require some factual support for the complaint allegations to authorize notice. *See, e.g., Pacheco v. Aldeeb*, 2015 WL 1509570, at *8 (W.D.Tex. Mar. 31, 2015) (two declarations

attesting "many" current and former employees would join lawsuit sufficient basis for conditional certification); *Reid v. Timeless Restaurants, Inc.*, 2010 WL 4627873, at *3 (N.D.Tex. Nov. 5, 2010) (finding "evidence from two individuals who experienced similar employment pay practices ... and [who] stated that they are aware of others who also experienced them" sufficient to support motion for conditional certification); *Tolentino v. C & J Spec–Rent Servs. Inc.*, 716 F.Supp.2d 642, 653 (S.D.Tex.2010) (finding two declarations of similarly situated individuals and complaint sufficient to demonstrate existence of employees who would opt-in). Here, Austin does not make even a minimal showing that all "consultants" perform the same type of work or exercise the same amount of discretion.

> 3. It is not reasonable to believe that other individuals want to opt into this lawsuit.

A second plaintiff, Kyle Spivey, has filed a Consent to Join, but did not include an affidavit or factual information to support a class certification. Dkt. 23.[1] Accordingly, the Court finds that Austin's affidavits have not sufficiently alleged uniform policies and similarly situated employees. Thus, the conditional certification and issuance of notice is not warranted.

IV. Conclusion

---

[1] *See, e.g. Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 513-14 (W.D. Tex. 2015)(granting certification noting that in their declarations, both plaintiffs aver that other flow testers were subject to the same working and pay conditions as they were, and state their belief that other flow testers may be interested in joining the lawsuit should it be certified as a collective action).

For the foregoing reasons, Austin's Motion for Certification of Collective Action and Request for Notice (Dkt. 16) is **DENIED WITHOUT PREJUDICE**. Austin's motion is denied without prejudice to allow resubmission if Austin is later able to submit more persuasive information showing that other similarly situated employees want to join the litigation.

**IT IS SO ORDERED.**

SIGNED AT GALVESTON, TEXAS, on December 21 2015.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE